UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES LYNE NICHOLSON,

    Plaintiff,

v.                                                           CASE NO. 8:18-cv-1350-T-02AEP

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**O R D E R**

Before the Court is Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d) (Dkt. 26). Plaintiff represents that the Commissioner has no objections. Dkt. 26 ¶ 14. For the following reasons, Plaintiff's timely motion for an award of attorney fees is due to be granted.

### *Attorney Fees*

*Justification*

The Equal Access to Justice Act ("EAJA") provides that attorney fees, expenses, and costs shall be awarded to the prevailing party. 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party other than the United

States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party . . . unless [two circumstances exist]".). To justify an award of fees under the EAJA, the claimant must (1) be a prevailing party in a non-tort suit involving the United States; (2) file a timely application for attorney fees; and (3) possess a net worth of less than $2 million at the time the complaint was filed. 28 U.S.C. § 2412(d)(1)(A) (non-tort cases); § 2412(d)(1)(B) (timeliness); § 2412(d)(2)(B) (net worth). In addition to the requirements for the claimant, there cannot be any special circumstances that would make the award of fees unjust, and the Commissioner's position must not be "substantially justified." 28 U.S.C. § 2412(d) (1)(A).

Plaintiff, having obtained a "sentence four" reversal of a denial of benefits and remand, is a "prevailing party."[1] *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). In light of the lack of opposition to the fees sought, the Court will not find that the Commissioner's position was substantially justified. Nor are there special circumstances which would make the award unjust. Plaintiff's net worth was less than $2,000,000 when this proceeding was filed. Dkt. 26 ¶ 8. Thus, an award of his attorneys' fees is appropriate.

---

[1] *See* docket 25 (judgment reversing Commissioner's decision).

*Amount*

The EAJA requires that the amount of attorney fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). The standard by which to determine the amount is explained in the EAJA as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . .[and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id*.

The motion reflects that Plaintiff's attorneys' rates are $202.50 per hour for 2018, and $203.75 per hour for 2019. Dkt. 26 at 21-23.[2] As these rates are higher than the statutory maximum, Plaintiff's attorneys are seeking a cost of living adjustment. The Commissioner does not object to the requested rate. The Court finds these hourly rates reasonable and the cost of living adjustment warranted.[3]

---

[2] An additional 6.8 hours were incurred by a second attorney and in preparing this fee petition. Time spent preparing the fee request is compensable. *Jean v. Nelson*, 863 F.2d 759, 778-80 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990).

[3] Were these hourly rates contested, the Court's determination regarding the reasonableness of the rate might or might not be different.

The Court also finds reasonable the number of hours, 39.50 hours, spent on the case. The Court thus finds that $8,005.38 is a reasonable amount for attorney fees.

Accordingly, it is **ORDERED AND ADJUDGED**:

1) The Motion for EAJA Fees (Dkt. 26) is granted. Plaintiff is awarded attorney fees in the total amount of $8,005.38. If the United States Department of Treasury determines that Plaintiff does not owe a federal debt, then pursuant to Plaintiff's assignment of EAJA fees (Dkt. 26-1), the fees may be paid directly to Plaintiff's counsel.

2) The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the total amount of $8,005.38 for attorneys' fees.

**DONE AND ORDERED** at Tampa, Florida, on July 15, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record